Davis, J.
The evidence in this case is conflicting upon the point whether the car merely slowed up sufficiently to allow a man to get on, or whether it actually stopped for that purpose. There is also conflict as to whether or not the conductor had notice of the plaintiff’s intention to get off, and whether the plaintiff attempted to get off while the car was moving. If tbe car had come to a full stop for any purpose, and any passenger was in the act of alighting, it would be negligence for the conductor to start the car before such passenger had a reasonable opportunity to get off safely. If the car did not stop, but only slacked speed for the purpose of letting a man get on, the conductor was not bound to “see and ascertain” whether any person might be getting off while the car was in motion. In the absence of notice of a passenger’s desire to alight at that point, the conductor might well presume that persons on the car would not attempt to get off from a moving car, and where in such case a passenger is injured in such attempt it is for the jury to find whether the injured person exercised ordinary care and prudence in attempting *156 to alight from a moving car without giving notice to. the conductor of a desire to get off at a given point. The plaintiff’s request to charge the jury was given without qualification. It ignores the obligation of the plaintiff to exercise ordinary care under the circumstances, and makes the case turn entirely upon the assumed negligence of the conductor in'failing to use the highest diligence “to see and ascertain” that the plaintiff was about to get off when the car had not stopped, although the plaintiff may not have signified a desire to alight. This is stating the rule of vigilance on the part of the carrier altogether too broadly. The law exacts of carriers of passengers a high degree of care for the safety of passengers, according to the circumstances, and this duty ordinarily continues until the passenger is discharged; but it is not required that the carrier shall keep a lookout to prevent passengers from jumping off from running trains, nor that it shall, at its peril, “see and ascertain” that a passenger is about to leave a moving car, without having given any notice, express or implied, of an intention to do so. For these reasons the judgments of the circuit court and the court of common pleas are

Reversed.

Btjrket, C. J., Spear, Shauck, Price and Crew, JJ., concur.